(Reap. Dec. 9536)

EUGENE DIETZGEN CO., INC. *v.* UNITED STATES

Entry No. 709789.

(Decided November 10, 1959)

*Eugene R. Pickrell* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The proper value for dutiable purposes of certain drawing instruments and cases covered by the above-enumerated appeal for a reappraisement is before the court for determination.

The parties hereto have entered into the following stipulation of fact:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General for the United States that the items described below by catalog number consist of drawing instruments and cases which in the decision of *Keuffel & Esser Co.* vs. *United States*, Abstract No. 59557, were held to be separately dutiable; that the cases and drawing instruments, in accordance with that decision, should be appraised separately instead of as an entirety; and that the market value or price at the time of exportation of the drawing instruments and cases covered by the above appeal for reappraisement at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Western Germany in usual wholesale quantities and in the ordinary course of trade for export to the United States plus the cost of all containers and all coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in question packed ready for shipment to the United States was as set forth below; that the weight of the cases was as set forth below:

| Catalog No. | Value of drawing instruments | Value of cases | Weight of case |
|---|---|---|---|
| 1096 | $2.02 | $0.71 | .595 lbs. |
| 1092 | 0.90 | 0.32 | .285 " |
| 1097 L | 2.72 | 0.72 | .570 " |
| 712 C | 1.63 | 0.40 | .180 " |
| 1097 LC | 2.86 | 0.72 | .550 " |
| 1096 L | 2.55 | 0.72 | .505 " |

IT IS FURTHER STIPULATED AND AGREED that on or about the date of exportation of the said merchandise, such or similar merchandise was not freely offered for sale for home consumption to all purchasers in the principal markets of Western Germany.

Upon the agreed facts of record, I find and hold that export value, as that value is defined in section 402(d) of the Tariff Act of 1930 (19 U.S.C. § 1402(d)), is the proper basis for determining the value of the

drawing instruments and cases in controversy and that said value is as tabulated in the above-quoted stipulation.

As to all other merchandise, the appeal is dismissed.

Judgment will issue accordingly.